## HARN *et al.* v. HARE.

No. 4355.  Opinion Filed May 18, 1915.

(151 Pac. 615.)

**COMPROMISE AND SETTLEMENT—Conclusiveness—Matters Included.**  In an action on a note given in consideration of a contract of settlement between joint owners of property, the defense was made that the plaintiff had violated his agreement, in that he failed to turn over to the defendants five certificates of stock in the Oklahoma City Land & Development Company, which were issued to L. E. Patterson approximately two years prior to the contract of settlement.  **Held,** that the court properly excluded evidence which pertained to matters settled and foreclosed by the agreement.

(Syllabus by Rittenhouse, C.)

*Error from Superior Court, Oklahoma County;*

*Edward Dewes Oldfield, Judge.*

Action by Alfred Hare against W. F. Harn and John F. Winans. Judgment for plaintiff, and defendants bring error. Affirmed.

*H. S. Hurst* and *W. F. Harn,* for plaintiffs in error.

*Ledbetter, Stuart & Bell,* for defendant in error.

Opinion by RITTENHOUSE, C. On June 3, 1911, Alfred Hare entered into a contract with H. S. Hurst, John F. Winans, W. F. Harn, and the Oklahoma City Land & Development Company, wherein it was agreed that:

" * *. * In consideration of four hundred dollars ($400.00) paid by John F. Winans and W. F. Harn to Alfred Hare, the receipt of which is hereby acknowledged, it is hereby agreed by and between the parties to this contract as follows: First. The said W. F. Harn and John F. Winans shall execute their personal notes for said company, payable to Alfred Hare or bearer ninety (90) days after date, for the sum of four hundred ($400.00) dollars, to bear 8 per cent. interest from this date. * * * Fifth. Assignment of Alfred Hare to John F. Winans and W. F. Harn of all interest of said Hare in and to the Oklahoma City Land & Development Company. * * * That this contract merges all claims heretofore existing between the parties or between first party and either of said companies, and is hereby accepted by the parties to this contract as a settlement in full of all demands of either party against either of said companies on account of any matter or claim whatsoever now existing or that may hereafter arise concerning or about any and every transaction between the parties mentioned herein, or in which any of the parties herein named may have been connected; and neither party to this contract shall have a right of action against the other for any demand exist-

ing before the date hereof, except to enforce the terms of this agreement in the event either party fails or refuses to comply with the terms thereof or violates the same. * * * First party shall surrender to second party all the company's papers," etc.

In pursuance of this contract, the note for $400 was executed and delivered to Alfred Hare. When it became due, suit was instituted against Harn and Winans, who answered, alleging that the consideration for the note had completely failed, for the reason that plaintiff below had failed and refused to make an assignment to John F. Winans or W. F. Harn of all of Hare's interest in the Oklahoma City Land & Development Company, and had failed and refused to surrender to them all the company's papers, but that Hare, being the custodian of the books as secretary, extracted from the stock book of the Oklahoma City Land & Development Company certificates Nos. 6, 7, 8, 9, and 10, without authority or consent of the company, and by his failure to surrender said certificates he failed to convey to defendants his interest as provided in the fifth paragraph of the contract. In the cross-petition, defendants ask $10,000 damages for failure to surrender the complete stock book, and for additional $10,000 for his failure to convey to defendants all of his right, title, and interest in and to the Oklahoma City Land & Development Company. A reply was filed, in which it was denied that the plaintiff failed to comply with the contract, and it alleges that he had surrendered to defendants all papers in his possession or under his control at the time of entering into the contract, that the stock certificates mentioned in the answer were issued prior to the date of the contract, with the defendants' knowledge, and that the contract was in full settlement of all claims

on account of the issuance of said certificates. Under this condition of the pleadings the cause was submitted to the court.

It developed from the evidence that the certificates of stock Nos. 6, 7, 8, 9, and 10 were issued to L. E. Patterson on November 12, 1909, this being long prior to the execution of the contract of settlement which was entered into on June 3, 1911, wherein it was agreed that the conditions were accepted by the parties as settlement in full of all demands of either party against the other. A more complete, definite, and certain contract of settlement could not have been prepared. It provides for the settlement, not only between the parties in litigation here, but between the parties and the several companies involved, fully covering all questions as to the past acts and controversies between the parties to this litigation. Upon the trial the court excluded any evidence which related to transactions had prior to the execution of the contract of settlement, holding that they were concluded by the agreement, and that whether Hare had any authority to issue this stock in 1909 to L. E. Patterson was not involved in the litigation in the instant case. The court did, however, offer to allow defendants to prove that Hare had not transferred all his interest provided by the contract, which the defendants failed to prove, and the court instructed the jury to find for the plaintiff. In this we think the court did not err, as the contract settled all differences between the parties to June 3, 1911, and whether Hare had authority or not to issue stock to Patterson in 1909 was immaterial to any issue in this case.

The cause should be affirmed.

By the Court: It is so ordered.